IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R.G. TURNER,

     Plaintiff,                   No. CIV S-10-2038 KJM P

  vs.

CAREY SULLIVAN, et al.,

     Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. <u>In Forma Pauperis Application</u>

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Cautionary Advisement

Plaintiff is no stranger to this court. In response to the question about previous lawsuits while a prisoner, plaintiff lists "6 active." This understates plaintiff's litigation history: court records reflect at least thirty civil rights actions filed by plaintiff. Plaintiff is certainly familiar with this court's duty to screen complaints filed by prisoners before a summons is issued. Nevertheless, plaintiff has filed a summons on the Judicial Council form used by the state courts and a notice of submission of documents, mimicking the form used by this court even though this court has not yet screened the case. Plaintiff is warned that should he continue to file summons forms and related documents before the court has found his complaint appropriate for service, he faces sanctions, up to and including dismissal of the case.

III. Screening of Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A. Legal Mail

In the first section, plaintiff alleges that defendants Hall, Stouch, Browne and Sprenger, correctional officers at Deuel Vocational Institution, read legal mail sent to plaintiff from the Woodland Police Department in response to plaintiff's Public Records Act request, and withheld this mail, including a CD relating to plaintiff's criminal case, for twelve days after it arrived at DVI.  These defendants also "misteriously [sic] stapled back together" plaintiff's legal mail.  Complaint (Compl.) at 14-15.[1]

Defendant Tuckwiller, also a correctional officer at DVI, read plaintiff's "confidential records from the federal east. district court." Id. at 16.  Defendants Tuckwiller and Hiers also read the legal mail from the Woodland Police Department and then left it on a table

---

[1] Page references are to those assigned by the court's electronic docketing system.

3

1  where other inmates could see it.  Id. at 16-17.  Plaintiff was given a pass to see defendant
2  Hayes, who said he had read and copied plaintiff's legal mail and the CD and was going to
3  destroy it.  Hayes eventually gave plaintiff some of the documents, although plaintiff needs all of
4  them in connection with the appeal from his criminal conviction.  Id. at 20.

5        It is an open question in this Circuit as to whether allegations that prison officials
6  have opened and inspected legal correspondence outside the presence of an inmate state a claim
7  for relief.  Sherman v. MacDougall, 656 F.2d 527 (9th Cir 1981).  Mail from the courts,
8  however, is not legal mail.  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  Accordingly, to
9  the extent that plaintiff alleges defendants opened and read mail from the courts, this does not
10 state a claim under the civil rights act and should not be included in any amended complaint.

11       Plaintiff does allege that several of the defendants delayed, read, and confiscated
12 some of the information plaintiff received from the Woodland Police Department, which was
13 necessary for his criminal appeal.  To state a claim for denial of access to the courts, plaintiff
14 must allege that the delay or the confiscation caused actual injury to ongoing litigation.  See
15 Lewis v. Casey, 518 U.S. 343, 351 (1996).  Plaintiff has made no attempt to show how his
16 pending appeal has been harmed by the delay or confiscation of this material.  He will be given
17 the opportunity to amend this portion of his complaint, if he is able to do so while complying
18 with Federal Rule of Civil Procedure 11.

19     B.  Destruction And Falsification

20       Plaintiff alleges that members of the Yolo County Police Department, District
21 Attorney's Office and court have violated his rights by tampering with, destroying and
22 fabricating evidence against him or by refusing to turn over materials that show the tampering
23 and destruction.  The exhibits attached to plaintiff's complaint show that this issue was litigated
24 in the superior court during the criminal proceedings against plaintiff.

25       In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled a § 1983
26 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not

cognizable unless the plaintiff can show his conviction has been reversed. Id. at 486-87. Should plaintiff succeed on any claims relating to the destruction and withholding of evidence in his criminal case, the resolution of these issues would undercut his criminal conviction. Because plaintiff has not shown that his conviction has been reversed, these claims are not cognizable and should not be included in an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 11) is granted.

/////

/////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by an inmate.

DATED: October 12, 2010.

_____
U.S. MAGISTRATE JUDGE